UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN RAY BLOCKSOM,

    Petitioner,                                       Case No. 2:13-CV-14044
                                                               Hon. Paul D. Borman

v.

PAUL KLEE,

    Respondent.

_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

       Steven Ray Blocksom, ("Petitioner"), incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in the Dickinson Circuit Court of indecent exposure and being a sexually delinquent person. MICH. COMP. LAWS § 750.335A. He was sentenced to 9-to-20 years in prison. In his pro se application, Petitioner asserts that he was entitled under Michigan law to a sentence of one day-to-life. The petition for writ of habeas corpus is SUMMARILY DENIED WITH PREJUDICE.

I. Background

       The Judgment of Sentence appended to the petition shows that on January 16, 2007, Petitioner was convicted after a jury trial of being a sexually delinquent person. He was thereafter sentenced to 9-to-20 years in prison.

       Following his sentencing, the Michigan Department of Corrections sent a letter to the trial court stating that its interpretation of the sexually delinquent person statute required a sentence of

one day-to-life, but that the Department would record Petitioner's sentence as 9-to-20 years unless otherwise ordered. The trial court responded by letter stating that under its interpretation of state law the imposed 9-to-20 year sentence was valid. Petitioner attached copies of these letters to his petition.

Petitioner apparently attempted to raise his claim that he was entitled to a sentence of one day-to-life in a petition for writ of habeas corpus filed in the trial court. The court denied the motion by order dated October 15, 2012. Petitioner claims that he attempted to appeal this decision to both state appellate courts, but relief was denied.

## II. Discussion

Petitioner fails to state a claim upon which habeas relief can be granted. A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it, that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

Petitioner claims that under the clear language of MICH. COMP. LAWS § 750.335A, he is entitled to a sentence of one day-to-life for his conviction of being a sexually delinquent person.

In fact, § 750.335A provides that the offense of indecent exposure as a sexually delinquent person "may be punishable by imprisonment for an indeterminate term, the minimum of which shall

2

be 1 day and the maximum of which shall be life . . . ." The matter is complicated, however, by another provision of Michigan law which requires that a defendant convicted of certain enumerated felonies–including the offense of being a sexually delinquent person–must be sentenced in accord with the minimum sentence prescribed by the "version of those sentencing guidelines in effect on the date the crime was committed." MICH. COMP. LAWS § 769.34(2); see also *People v. Hendrick*, 472 Mich. 555, 557 (2005).

In *People v. Buehler*, 271 Mich. App. 653, 657-658 (2006), the Michigan Court of Appeals noted this conflict in the language of the statutes and found that §769.34(2) controlled, and requiring a trial court to impose an indeterminate sentence in accordance with the sentencing guideline law. In Petitioner's case, the trial court relied on *Buehler* to justify its sentence to the Michigan Department of Corrections, and no Michigan court has ruled otherwise.

This Court cannot overturn a sentence because it interprets a state law differently than the state courts do. Petitioner's habeas claim not cognizable in this federal habeas corpus proceeding because it challenges the state trial court's interpretation and application of Michigan's sentencing laws. A state court's alleged misinterpretation of state sentencing guidelines and statutes is a matter of state concern only. See *Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (citing *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988)); see also *Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005). It is well-settled that federal habeas corpus relief does not lie for errors of state law. See *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). This Court must defer to the state court's interpretation of Michigan's sentencing provisions and cannot grant habeas relief based upon such a challenge.

Petitioner has neither alleged nor established that her sentence violates federal law. Habeas relief is therefore not warranted in this case.

### III. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). Because Petitioner does not have a protected liberty interest in being granted parole, he has failed to make a substantial showing of the denial of a constitutional right and is therefore not entitled to the issuance of a certificate of appealability on this claim. *See Heidelberg v. Illinois Prisoner Review Bd.*, 163 F.3d 1025, 1025-1027 (7th Cir. 1998). The Court will also deny Petitioner leave to appeal in forma

pauperis, because the appeal would be frivolous.

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is SUMMARILY DISMISSED.

IT IS FURTHER ORDERED That a Certificate of Appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner will be DENIED leave to appeal in forma pauperis.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: September 27, 2013


## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 27, 2013.


s/Deborah Tofil
Case Manager