UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN BLACKSOM,

       Petitioner,

                                  Case No. 2:13-cv-14044

v.                                Paul D. Borman
                                  United States District Judge

PAUL KLEE

       Respondent.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION [dkt. #4]**

On September 27, 2013, the Court issued an opinion and order denying Petitioner's

application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The court

also denied Petitioner a certificate of appealability and permission to proceed on appeal in

forma pauperis. Petitioner has now filed a motion for reconsideration. For the reasons

stated below, the court will deny the motion for reconsideration.

Local Rule 7.1(h) allows a party to file a motion for reconsideration. However, a

motion for reconsideration which presents the same issues already ruled upon by the

court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co.*

*v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). The movant

must not only demonstrate a palpable defect by which the court and the parties have been

misled but also show that a different disposition of the case must result from a correction

thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or

plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

The Court denied Petitioner's claim that he was entitled to a sentence of one day-to-life for his conviction of being a sexually delinquent person on the grounds that the interpretation of the state statutory provisions in question, upon which Petitioner's argument is based, is a non-cognizable matter of state law. Petitioner argues in his motion for reconsideration that the Michigan Court of Appeals decision that interpreted state law as requiring a sentence under the sentencing guidelines rather than a fixed sentence of one day-to-life issued before he committed the offense, and therefore violates the Ex Post Facto Clause.

The Ex Post Facto Clause prohibits a state from passing a law that (1) criminalizes an action done before the law was passed, which was innocent when done, (2) "'aggravates a crime, or makes it greater than it was, when committed,'" (3) "'changes the punishment'" to inflict greater punishment than the law provided when the crime was committed, or (4) "'alters the legal rules of evidence'" so that less or different testimony is required than at the time the offense was committed. *Rogers v. Tennessee*, 532 U.S. 451, 456 (2001) (quoting *Calder v. Bull*, 3 U.S. 386, 390 (1798)). The Ex Post Facto Clause, however, provides by its terms that it is applicable only to acts of the Legislature, and "'does not of its own force apply to the Judicial Branch of government.'" *Id.* (quoting *Marks v. United States*, 430 U.S. 188, 191 (1977)). Nevertheless, the "limitations on ex post facto judicial decisionmaking are inherent in the notion of due process." *Id.* Consequently, the principles of the Ex Post Facto Clause apply to the courts through the

2

Due Process Clause. See *id.* at 457. Because these principles are viewed through the lens of due process in the judicial context, the constitutionality of judicial action turns on the traditional due process principles of "notice, foreseeability, and, in particular, the right to fair warning," rather than the specific prescriptions of the Ex Post Facto Clause. *Id.* at 458-59.

As explained in the Court's initial opinion, the two statutory provisions of Michigan law at issue seem to be in conflict. One states that a person convicted of being a sexually delinquent person may be sentenced to a term of imprisonment of one day-to-life. See MICH. COMP. LAWS § 750.335A. Another provision states that a person convicted of certain enumerated crimes, including being a sexually delinquent person, must be sentenced in accord with the minimum sentence prescribed by the sentencing guidelines. See MICH. COMP. LAWS § 769.34(2). In *People v. Buehler*, 271 Mich. App. 653, 657-658 (2006) rev'd on other grounds, 477 Mich. 18 (2007), the Michigan Court of Appeals held that § 769.34(2) required the minimum sentence of a person convicted of being a sexual delinquent person to be based on the guidelines despite the language of § 750.335A. This decision was not unforeseeable. As explained in *Buehler*, § 769.34(2) was enacted after  § 750.335A, and under Michigan's well-established rules of statutory construction, it reflected a legislative intent to have the sentencing guidelines apply to the crime of being a sexually delinquent person. Therefore, Petitioner had fair warning that if he was convicted of that crime, he would face a minimum sentence in accord with the guidelines.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion For Reconsideration"

[Dkt. # 4] is **DENIED**.


                                      s/Paul D. Borman
                                      PAUL D. BORMAN
                                      UNITED STATES DISTRICT JUDGE

Dated: November 1, 2013


### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 1, 2013.


                                      s/Deborah Tofil
                                      Case Manager